1
2
UNITED STATES DISTRICT COURT
3
EASTERN DISTRICT OF CALIFORNIA
4
5
6
7   DARRELL HARRIS,                         Case No. 1:12 cv 01753 LJO GSA PC
8              Plaintiff,
9   vs.                                     ORDER DISMISSING COMPLAINT AND
                                            GRANTING PLAINTIFF LEAVE TO FILE
10  C. GIPSON, et al.,                      AN AMENDED COMPLAINT
11             Defendants
12                                          AMENDED COMPLAINT DUE
                                            IN THIRTY DAYS
13

14  I.      **Screening Requirement**
15          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights
16  action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule
17  302 pursuant to 28 U.S.C. § 636(b)(1).
18          The Court is required to screen complaints brought by prisoners seeking relief against a
19  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
20  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
21  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
22  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
23  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
24  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
25  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
26  1915(e)(2)(B)(ii).
27
28
                                            1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   <u>Plaintiff's Claims</u>

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this lawsuit against defendant correctional officials employed by the CDCR at CSP Corcoran. Plaintiff alleges that he is being denied access to a religious diet in violation of the First Amendment.[1] Plaintiff names as defendants the Warden at CSP Corcoran, the Community Resource Manager, the Native American Spiritual Leader, the Chief Deputy Warden, the Appeals Coordinator and the Chief, Office of Appeals. Plaintiff alleges that:

> The denial of the proper food, properly prepared for consumption is a denial of plaintiff's ability to practice his religion in addition the Defendant refuses/failed to address the issue of deliberate indifference by not addressing the issue in the 602 process or making corrections.

---

[1] The Court will also analyze the complaint under the Religious Land Use and Institutionalized Persons Act (RLUIPA) statute. Plaintiff's omission of a citation to the RLUIPA in his complaint does not foreclose him from pursuing claims under the RLUIPA where his factual allegations are sufficient to have presented a claim under the RLUIPA so as to have amounted to "fair notice" of that claim, even though the statute was not cited in the complaint itself. <u>Alvarez v. Hill</u>, 518 F.3d 1152, 1159 (9th Cir. 2008).

The Muslims religion does not force a vegetarian diet in its members, but the defendant by her policys [sic], force the plaintiff to be a vegetarian for two meals.  This is not imposed on the Jewish inmates, who share our religious diet edicts."

(Compl. p. 3(a).)

**A.   First Amendment**

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987)(per curiam)(citations omitted); see also O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008).  In order to implicate the Free Exercise Clause, the prisoner's belief must be both sincerely held and rooted in religious belief.  Shakur, 514 F.3d at 885.

In analyzing the legitimacy of regulation of prisoners' religious expression, the court should utilize the Turner factors.[2] See O'Lone, 482 U.S. at 349; Shakur, 514 F.3d at 884 (analyzing Muslim inmate's challenge to the denial of his request for kosher meat, which he believed would be consistent with Islamic Halal requirements); Henderson v. Terhune, 379 F.3d 709, 713 (9th Cir. 2004); Mayweathers v. Newland, 258 F.3d 930, 937-38 (9th Cir. 2001)(analyzing Muslim inmates' challenge to prison work rule and limiting O'Lone to its facts); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), abrogated on other grounds by Shakur, 514 F.3d at 884-85; Anderson v. Angelone, 123 F.3d 1197, 1198 (9th Cir. 1997).

Plaintiff's allegation that he is being denied access to an adequate religious diet is belied by his own exhibits.[3]  Attached as an exhibit to the complaint is a copy of the response to Plaintiff's inmate grievance at the First Level.  The response indicates the following:

_____

[2] Turner v. Safley, 482 U.S. 78, 93 (1987).

[3] **Error! Main Document Only.**The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

APPEAL ISSUE:  You contend that food services is not providing an adequate meal for the breakfast and lunch halal diets.  You request to have the option between vegetarian and a standard breakfast and lunch.

INTERVIEW:  On June 13, 2012, you were interviewed by B. Albitrea, NASL, regarding your appeal.  You were afforded the opportunity to further explain your issue and to provide any supporting evidence or documents.  I informed you that I do not have the authority to alter the religious diet.  We discussed that this is more an issue to be addressed with kitchen staff.

APPEAL RESPONSE:  Per a memorandum authored by Director Giurbino, Division of Adult Institutions, dated March 18, 2010, "CFMs (Correctional Food Managers) are advised of the Religious Meat Alternate Program is a religious diet program with the vegetarian option being served for breakfast and lunch.  The vegetarian option for breakfast and lunch meets halal requirements.  The Religious Meat Alternative (Chicken Patty, Beef Patty, or Turkey Frank) is only offered at the dinner meal."  All menus are approved

(Exh. A, p. 4.)

Plaintiff has failed to allege any facts that suggest his ability to freely exercise his religious belief has been infringed upon.  Plaintiff essentially alleges that, of his approved halal meals each day, the vegetarian option is served for breakfast and lunch.  There are no allegations that Plaintiff is not being provided with approved halal meals.  That the kosher diet for Jewish inmates may or may not have vegetarian options has no bearing on whether Plaintiff has a viable First Amendment claim that he is not being provided an approved religious diet.

## B.   **RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) provides:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . ., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –

(1) is in furtherance of a compelling government interest; and

(2) is the least restrictive means of furthering that compelling government interest.

4

42 U.S.C. § 2000cc-1.   Plaintiff bears the initial burden of demonstrating that Defendants substantially burdened the exercise of his religious beliefs.   Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005).   If Plaintiff meets his burden, Defendants must demonstrate that "any substantial burden of plaintiff's exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest."   Id. (emphasis in original).   "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs."   Id.

As noted in Plaintiff's First Amendment claim, Plaintiff has not alleged facts indicating that he has been deprived of a religious diet, or that his ability to exercise his faith has been substantially burdened.   As with Plaintiff's First Amendment claim, how prison authorities treat the religious needs of Jewish prisoners has no bearing on Plaintiff's RLUIPA claim.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.   The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.   George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.   Plaintiff is warned that "[a]ll causes of action alleged in an

original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 24, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE