UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HARRIS, | 1:12-cv-01753-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| vs. | |
| CONNIE GIPSON, et al., | (Doc. 13.) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.      BACKGROUND**

Darrell Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 29, 2012. (Doc. 1.) On November 15, 2012, Plaintiff filed the First Amended Complaint. (Doc. 7.) The Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and issued an order on January 27, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 10.) On March 21, 2014, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (Doc. 13.)

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.   SUMMARY OF SECOND AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the California Institution for Men in Chino, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the Second Amended Complaint allegedly occurred at Corcoran State Prison (CSP-COR) in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Connie Gipson (Warden), Giurbino (Director, Div. of Adult Institutions), Marlene Smith (CRM CSP-COR), Mr. Caviness (SCC Supervisor Corcoran Cook), N. Clark (Food Svc. Manager CSP-COR), Ben Albritre (Native American Spiritual

Leader), J. Cavazos (Chief Deputy Warden), K. Pool (Appeal Examiner), and J. D. Lazano (Chief, Office of Appeals) (collectively "Defendants").  Defendants were employed by the CDCR at the time of the events at issue.  Plaintiff's factual allegations follow.

Plaintiff is a member of the Muslim religion, holds sincere religious beliefs, and follows a halal diet which, in part, restricts the types of meat he is allowed to eat.  Defendant Warden Gipson implemented a policy which forced Plaintiff to choose between a regular diet, which is against his religion, and the Religious Meat Alternative Program (RMAP) which offers meat allowed in a halal diet, but serves a vegetarian diet for breakfast and lunch.  Plaintiff alleges that the vegetarian diet leaves him hungry and weak because it does not contain enough protein.  Thus, Plaintiff claims that he is being forced to choose between his religion and his health.

Defendant Giurbino authored a memorandum dated March 18, 2010, which advised the Correctional Food Managers that the RMAP meets halal diet requirements, but Giurbino failed to take into account the effect of the diet on inmates' health.  Plaintiff alleges that the vegetarian diet violates the halal diet because "a Muslim[] must eat what is good and Halal, or defile his body and thus go to hell." (First Amended Complaint (FAC), Doc. 13 at 5:17-18.)  If Plaintiff chooses to eat a regular (nonvegetarian) breakfast, he will be removed from the RMAP.  Thus, Plaintiff claims that all of his options "are mutually unacceptable to his religious faith and disrupts (*sic*) his religious activities." (Id. at 6:4-6.)

Defendant Marlene Smith ordered defendant N. Clark, food manager, not to make any changes to the RMAP, although she had been made aware of Plaintiff's complaints.  Defendant Clark then ordered defendant Ben Albritre to interview Plaintiff about his dietary concerns, which violated Title 15 §3054.3 because Albritre is not a Muslim chaplain and did not understand Plaintiff's complaints.  Defendant Smith is responsible to coordinate with defendant Clark to insure that all religious needs are met.  Thus, Smith forced Plaintiff to violate his sincerely held religious beliefs or suffer poor health.

Defendant Clark's policy ordered staff to remove Muslim inmates who ate a regular breakfast or lunch from the RMAP, thus forcing them to eat a vegetarian breakfast and lunch every day.  Defendant Caviness enforced policies that placed a substantial burden on Plaintiff

to practice his religion.  Defendant Albritre violated Title 15, which requires a Muslim chaplain to review the RMAP annually, and he failed to intervene in the poor practices of the kitchen. Albritre told Plaintiff he knew nothing about Islam and couldn't help Plaintiff, advising Plaintiff to let it go or lose his halal program, or talk to the kitchen staff.  Defendant Cavazos failed to protect Plaintiff by supporting the policies.  Cavazos signed Plaintiff's form-602 appeal, enforcing a policy that forced Plaintiff to violate his religious beliefs.

Defendants Pool and Lozano knew about the violations and forced Plaintiff to do something forbidden by his religion.  Plaintiff alleges that the Quran, the Islamic holy book, states, "Eat of the good things we have provided for you" and "one who doesn't eat what we slaughter is not of you."  (Complaint at 11:10-11.)

Plaintiff also notes that Jewish inmates are given a diet which includes kosher met served at breakfast and/or lunch.  Alleging that "halal meat is not always kosher, but kosher meat is halal," Plaintiff suggests that providing kosher meat to Muslims would solve the CDCR's administrative and budgetary concerns.  Alternatively, the CDCR could add halal meat to breakfast and lunch.

Plaintiff requests only declaratory relief for violations of the First and Fourteenth Amendments; monetary damages for violations of the Bane Act; and injunctive relief.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

A.  **Freedom to Practice Religion – First Amendment and RLUIPA**

Plaintiff alleges that Defendants burdened his ability to practice his religion by implementing and enforcing a policy that forced him to eat a diet which includes two vegetarian meals per day. Plaintiff sets forth claims under the First Amendment and RLUIPA.

1.  **RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> (1)  is in furtherance of a compelling government interest; and
>
> (2)  is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff must allege facts demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). Plaintiff must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008).

Here, Plaintiff alleges that Defendants denied him a halal diet, which is required by his Muslim religion, because the prison's halal diet forces him to eat a vegetarian diet for breakfast and lunch. However, Plaintiff has not established that Muslim beliefs require him to eat meat for breakfast or lunch. Plaintiff's exhibits include lists of the foods allowed and forbidden in a halal diet, but Plaintiff provides no evidence that he is required, as a Muslim, to include meat in his diet every day. Plaintiff asserts that he needs to eat meat at breakfast and lunch because "a Muslim[] must eat what is good and Halal, or defile his body and thus go to hell," and that the Quran states, "Eat of the good things we have provided for you" and "[o]ne who doesn't eat what we slaughter is not of you." However, these assertions, taken as true, are not evidence of any requirement that meat be included in halal meals at breakfast and lunch every day. Thus, Plaintiff has not alleged facts showing that a substantial burden has been imposed on his

religious beliefs. Based on the foregoing, the Court finds that Plaintiff fails to state a claim for relief under RLUIPA.

### 2. First Amendment

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)).

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85. "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Id. at 736. "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Id. at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

Here, as in Plaintiff's RLUIPA claim, Plaintiff fails to allege any facts indicating that he was substantially burdened in his religious practice. Plaintiff fails to indicate that he was deprived of the halal diet required by the Muslim religion. Therefore, Plaintiff fails to state a claim for violation of his First Amendment rights to exercise his religion.

### B. Equal Protection – Fourteenth Amendment

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249

(1985); Shakur, 514 F.3d at 891.  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff claims that his rights to equal protection were violated because the religious diet for Jewish inmates at CSP-COR includes meat for breakfast and/or lunch, but the religious diet for Muslim inmates at CSP-COR includes only vegetarian foods for breakfast and lunch. These facts do not demonstrate that Plaintiff was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

### C.     Conditions of Confinement – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Neither negligence nor gross negligence will constitute

deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

Plaintiff alleges that Defendants were deliberately indifferent to his health because they forced him to eat a diet that left him hungry and weak. Plaintiff's described discomfort does not rise to the level of a constitutional violation. Plaintiff does not allege that he lost any weight or suffered substantial harm from eating a vegetarian diet for breakfast and lunch. Moreover, Plaintiff's exhibits contain a copy of a prison meal schedule showing examples of vegetarian breakfast and lunch menus which include foods ample in calories and protein.[1] Further, Plaintiff fails to allege facts showing that any of the Defendants acted against him or failed to act, while knowing of, and deliberately disregarding, a substantial risk of serious harm to Plaintiff. Therefore, Plaintiff fails to state an Eighth Amendment claim.

### D. State Law Claims

Plaintiff brings claims for violations of Title 15 of the California Code of Regulations and the Tom Bane Civil Rights Act (Civ.Code, § 52.1; Pen.Code, §§ 422.6–422.95), which are both California state laws. Plaintiff is informed that violation of state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the Second Amended Complaint. Therefore, Plaintiff's state law claims fail.

---

[1] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

**V.      CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **March 6, 2015**                                **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE